IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DOROTHY LEWIS,**

    **Plaintiff,**

    v.                        Case No. 05-2072-JWL

**KANSAS DEPARTMENT OF REVENUE, and,**
**KANSAS DEPARTMENT OF LABOR,**

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff filed this action against the Kansas Department of Revenue ("KDR") and Kansas Department of Labor ("KDOL") under Section 1983 alleging that KDOL unlawfully obtained plaintiff's tax refund for the tax years of 2001 thru 2003 and that KDR distributed plaintiff's tax refunds to KDOL without a court order to do so, and plaintiff now seeks $400,000 in "monetary relief." The matter is now before the court on KDOL's motion to dismiss plaintiff's complaint or in the alternative, for summary judgment (Doc. #11) and KDR and the Tax Examiner's motion to dismiss plaintiff's complaint (Doc. # 13). The court grants both motions, as all defendants have Eleventh Amendment immunity from the claims in plaintiff's complaint.[1]

---

[1] As the court has dismissed all of plaintiff's claims on jurisdictional grounds, all other outstanding motions are moot.

Defendants move to dismiss plaintiff's complaint brought under § 1983 on the grounds that they are immune from suit by virtue of the Eleventh Amendment. Defendants' motions are brought pursuant to Federal Rule of Civil Procedure 12(b)(1) and challenge the subject matter jurisdiction of the court. *See Ruiz v. McDonnell,* 299 F.3d 1173, 1180 (10th Cir.2002). Eleventh Amendment immunity bars damages actions against a state in federal court, even by its own citizens, unless the state waived that immunity. *See Sturdevant v. Paulsen,* 218 F.3d 1160, 1164 (10th Cir.2000) (citing U.S. Const. amend. XI; *Edelman v. Jordan,* 415 U.S. 651, 663 (1974)). The Eleventh Amendment precludes not only actions in which the state is directly named as a party, but also actions brought against a state agency or state officer where the action is essentially one for recovery of money from the state treasury. *Edelman v. Jordan,* 415 U.S. 651, 677 (1974) (barring any "retroactive award which requires the payment of funds from the state treasury" and limiting the federal courts to providing only "prospective injunctive relief" against state officials sued in their official capacity); *Reames v. Oklahoma ex rel. OK Health Care Authority*, 411 F.3d 1164, 1167 (10th Cir. 2005). The immunity is extended to governmental entities that are arms of the state for Eleventh Amendment purposes. *Harris v. Champion*, 51 F.3d 901, 905-906 (10th Cir. 1995). Section 1983 does not abrogate Eleventh Amendment immunity, as the Supreme Court has held that neither a state nor its officials acting in their official capacities are "persons" under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

Plaintiff argues, for reasons that are unclear, that Eleventh Amendment immunity does not apply in this case even though she is seeking monetary damages. With regard to KDOL, plaintiff notes that she is not bringing suit against Jim Garner, Secretary of Labor, only against KDOL. Plaintiff then goes on to cite *Cleeg v. Slater*, 420 F. Supp. 910 (W.D. Okla. 1976), for the proposition that the Eleventh Amendment does not bar suit against a state official where it is alleged that he or she is individually and personally liable for deprivation of federal rights under color of state law. The court agrees. Plaintiff could have brought suit under § 1983 against state officials in their individual capacity, but she chose not to do so.[2] Instead, plaintiff brought suit against KDOL, which is a cabinet level agency of the state of Kansas that acts as an arm of the state. *See* K.S.A. § 75-5701; K.S.A. 2004 Supp. § 75-5701 (KDOL is administered under the direction of the secretary of labor who serves at the pleasure of the governor); *see also Watson v. University of Utah Med. Ctr.*, 75 F.3d 569, 574-75 (state agencies are considered arms of the state based upon autonomy given to the agency and their ability to provide their own financing). As the KDOL acts as an arm of the state, it is entitled to Eleventh Amendment immunity, and therefore, the court must grant KDOL's motion to dismiss for lack of jurisdiction.

Plaintiff also argues that KDR is not protected by Eleventh Amendment immunity, but plaintiff's argument here fails for the same reasons that KDOL is protected by Eleventh

---

[2] The court in no way implies that plaintiff has a meritorious claim against Secretary Garner, but only that such a suit could be brought against him in his individual capacity alleging that he acted under color of law.

Amendment immunity. Plaintiff once again cites *Cleeg*, 420 F. Supp. 910, for the proposition that the Eleventh Amendment does not bar suit against a state official where it is alleged that he or she is individually and personally liable for deprivation of federal rights under color of state law. Then, plaintiff notes that "the Tax Examiner is not a party to this action" in either his official or personal capacity, and plaintiff emphasizes she intended to bring suit against KDR, which she recognizes is an agency acting under authority of the state of Kansas. However, KDR, like KDOL, acts as an arm of the state as it neither has autonomy to set it own policies nor can it provide its own financing. *See Watson*, 75 F.3d at 574-75. Because KDR acts as an arm of the state it is entitled to Eleventh Amendment immunity, and therefore, the court must grant KDR's motion to dismiss for lack of jurisdiction

**IT IS THEREFORE ORDERED BY THE COURT** that KDOL's motion to dismiss plaintiff's complaint (Doc. #11) and KDR and the Tax Examiner's motion to dismiss plaintiff's complaint (Doc. # 13) are granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment against KDR (Doc. # 19), plaintiff's motion for summary judgment against KDOL (Doc. # 21), plaintiff's motion for consent to trial by magistrate (Doc. # 33) and plaintiff's motion to lift

or set aside the stay of her motions for summary judgment (Doc. # 50) are moot.


**IT IS SO ORDERED** this 4th day of August, 2005.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
